# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA MCNULTY | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-cv-05029-AB |
| THE MIDDLE EAST FORUM et al | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| PATRICIA MCNULTY | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 20-cv-02945-AB |
| THE MIDDLE EAST FORUM et al | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

**Richard A. Lloret**  **January 24, 2021**
**U.S. Magistrate Judge**

### Procedural Background

On November 1, 2021, I sanctioned Plaintiff Patricia McNulty for her failure to respond to requests for admission from Defendants Greg Roman and The Middle East Forum, as it reflected Plaintiff's prolonged failure to fully comply with her discovery obligations under the Federal Rules of Civil Procedure.[1] Doc. No. 90, at 7-8. Pursuant to my corresponding order, Defense Counsel William Rieser submitted an affidavit to me on November 10, 2021 concerning his time spent on this matter and his hourly rate. Doc. No. 92. In response to my request for a response from Plaintiff, Plaintiff's Counsel

---

[1] Judge Brody referred non-dispositive motions in this matter to me to resolve pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Under the Federal Rules, "A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

1

Seth Carson submitted a motion to stay the order of sanctions and attorney's fees on Nov. 19, 2021. Doc. No. 95. Defendants filed a memorandum in opposition on December 2, 2021. Doc. No. 99. On December 1, 2021, Plaintiff appealed my November 1 memorandum opinion and order to the Third Circuit Court of Appeals. Doc. No. 97-98.

I find that I retain jurisdiction over this matter despite Plaintiff's appeal and I will award attorney's fees to Mr. Rieser in the amount of $7,100.

## Discussion

In her motion to stay the order of sanctions pending an appeal and motion in opposition to Defendants' Fee Petition, Plaintiff argues that I should stay my sanctions order pending her appeal of my opinion and order to the Third Circuit, and barring a stay of my order, that Defendants are overcharging the number of hours reasonably expended on this matter. Doc. No. 95.[2] After carefully considering the parties' filings, I find Plaintiff's arguments to be without merit and I will award Defendants $7,100 in attorney's fees and costs.

I. **Jurisdiction over this matter remains vested in me because my sanctions order is not yet a final order.**

The courts of appeal have "'jurisdiction of appeals from all final decisions of the district courts of the United States.'" *Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331, 335 (3d Cir. 2001) (quoting 28 U.S.C. § 1291). The Supreme Court interprets this rule to require parties to "raise all claims of error in a single appeal following final

---

[2] Plaintiff raises several other arguments contesting the conclusions I reached in my November 1, 2021 memorandum opinion. While Plaintiff does not label this filing as a motion for reconsideration, these arguments do indeed ask for reconsideration. Accordingly, I can only consider these arguments if this motion meets the requirements for a motion for reconsideration. "Under Local Rule 7.1(g) of this Court, '[m]otions for reconsideration … shall be served and filed within fourteen (14) days after the entry of the order concerned.'" *Walker v. Regan*, No. CV 13-7556, 2021 WL 1225960, at *2 (E.D. Pa. Apr. 1, 2021) (Pratter, J.). Because Plaintiff submitted this motion 19 days following the entry of my order in this matter, I will not consider any arguments which challenge the underlying conclusions in my order.

judgment on the merits." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). However, a narrow subset of "collateral orders" may be immediately appealable, so long as they "(1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) [are] effectively unreviewable on appeal from a final judgment." *Comuso*, 267 F.3d at 335 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)) (internal quotations omitted). The Court requires this definition of appealable collateral orders to be "stringently applied in order to prevent the exception from swallowing the general rule." *Id.*

My November 1 sanctions order was not a collateral order subject to immediate appeal. The Third Circuit has determined that "[a]n award of sanctions is not a final order, and thus not appealable, until the district court determines the amount of the sanction." *Lazorko v. Pa. Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000) (internal citations omitted). When I entered the sanctions order on November 1, I had yet to determine the amount of the sanction award, thus the disputed issue had yet to be conclusively determined when Plaintiff filed her appeal. Therefore, Plaintiff's appeal is premature. "Unlike a timely notice of appeal, a premature notice of appeal does not divest the district court of jurisdiction." *Mondrow v. Fountain House*, 867 F.2d 798, 800 (3d Cir. 1989). Accordingly, I retain jurisdiction over this matter and may proceed to determine the amount of the sanction irrespective of Plaintiff's pending Third Circuit appeal.

Even if Plaintiff had timely filed her appeal, my November 1 sanctions order would still not be an immediately appealable collateral order. For one, the order does not "resolve an important issue completely separate from the merits of the action." *See Comuso*, 267 F.3d at 335 (internal quotation and citation omitted). The Supreme Court

3

has consistently ruled that sanctions orders are "inextricably intertwined with the merits of the case." *Comuso*, 267 F.3d at 339 (citing *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 206 (1999); *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 439 (1985)). Furthermore, because Mr. Carson would have the opportunity to contest the sanction in a final appeal of this case so long as he remains a counsel of record in the matter, the order would not be effectively unreviewable on appeal from a final judgment in the case. *See Martin v. Brown*, 63 F.3d 1252, 1261-62 (citing *E. Maico Distribs., Inc. v. Maico–Fahrzeugfabrik,* 658 F.2d 944, 947 (3d Cir. 1981)). In no sense is my November 1 sanctions order an immediately appealable collateral order. I am not divested of jurisdiction over the sanctions order merely because Plaintiff has appealed it, improperly, to the Third Circuit.

## II. I will award Mr. Rieser all attorney's fees and costs requested in his declaration.

Plaintiff contends that Mr. Reiser's hours were not reasonably expended because Defendants acted inappropriately in filing a motion to deem their requests for admission admitted, and that Mr. Carson never consented to electronic service of discovery requests in any event. Doc. No. 95, at 2-6, 8-9. Plaintiff also asserts that sanctions in this case are improper. *Id*. at 9-11. I have already ruled on this dispute and thus will not engage here with improper attempts to reconsider my rulings. Because I find that Plaintiff otherwise does not adequately contest Defendants' affidavit, whereas Mr. Rieser properly outlined reasonably expended hours on this matter in his affidavit (Doc. No. 92), I will award Mr. Reiser's request for $7,100 in attorney's fees and costs in full.

When calculating an award of attorney's fees and costs, I must determine which hours are reasonably expended and a reasonable rate to charge for relevant legal services. "The lodestar 'provides an objective basis on which to make an initial estimate of the value of the lawyer's services.'" *Navarro v. Monarch Recovery Management Inc.*, No. 13-3594, 2014 WL 2805244, at *2 (E.D. Pa. June 20, 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "To determine a reasonable hourly rate, the court should evaluate both the attorney's customary billing rate and the prevailing market rates in the relevant community." *Id.*; *see also Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) ("In determining how other elements of the attorney's fee are to be calculated, we have consistently looked to the marketplace as our guide to what is 'reasonable'"). Courts will consider the rate charged by attorneys in the community where the case is litigated in determining the market rate. *See Pub. Int. Rsch. Grp. Of N.J., Inc. v. Windall*, 51 F.3d 1179, 1186-88 (3d Cir. 1995).

Plaintiff does not contest Mr. Rieser's proposed hourly rate of $250. Doc. No. 92, at 3; Doc. No. 95, at 2. Therefore, I will award Mr. Rieser his requested hourly rate of $250. *See Black Grievance Comm. v. Phila. Elec. Co.*, 802 F.2d 648, 653 (3d Cir. 1986), *vacated on other grounds*, 483 U.S. 1015 (1987) (requiring the awarding of an uncontested hourly rate in an attorney's fee dispute). Plaintiff objects to the reasonableness of some of the time entries in counsel's affidavit.

"A court has 'the affirmative function' to 'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary.'" *Sheffer v. Experian Info. Sols., Inc.*, 290 F. Supp. 2d 538, 544 (E.D. Pa. 2003) (Schiller, J.) (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001)).

5

"'In response to the specific objections made by a party opposing the award of fees and costs, a court must conduct a thorough and searching analysis to identify charges that should be excluded.'" *Navarro*, at \*5 (quoting *Williams v. NCO Fin. Sys., Inc.*, 2011 WL 1791099, at \*6 (E.D. Pa. 2011) (Slomsky, J.)). "A court, however, cannot generally reduce hours *sua sponte*, rather, objections must be specific for a court to reduce the amount of fees requested." *Sheffer*, 290 F. Supp. 2d at 544.

Plaintiff's two relevant objections are not sufficiently specific to challenge Mr. Rieser's affidavit.[3] First, Plaintiff appears to contest Mr. Rieser's entries for "legal research," but makes no express arguments beyond pointing out the existence of the entries in the affidavit. Doc. No. 95, at 8. Legal research is exactly the sort of activity one would reasonably expect counsel to engage in during the course of drafting motions and response briefs. *See Sheffer*, 290 F. Supp. 2d at 549 (finding that petitioner was entitled to recover attorney's fees for time spent researching a fee petition).

Second, Plaintiff critiques Mr. Rieser's entry concerning the 3.5 hours he spent evaluating her motion to withdraw admissions deemed admitted, stating "This motion is a short 11 to 12 pages that should not take half a day to read." Doc. No. 95. Mr. Rieser responds, "Plaintiff misstates Defendants' August 20, 2021 time entries, alleging it was '3.5 hours to read' her motion. On the contrary, Defendants' counsel spent 3.5 hours 'reviewing and analyzing' Plaintiff's motion 'and conducting legal research into issues raised in Plaintiff's motion.'" Doc. No. 99, at 6. I agree with Mr. Rieser and see no basis for excluding or reducing the hours expended on this particular matter. The time spent was reasonable.

---

[3] To the extent any of her arguments assert that this matter was wrongfully decided, I cannot consider them, as Plaintiff failed to properly assert these claims through a timely filed motion for reconsideration concerning my order. *See Walker*, No. CV 13-7556, 2021 WL 1225960, at \*2.

After reviewing Mr. Rieser's declaration, I find that the hours he spent on this matter were reasonably expended. Accordingly, I will award Mr. Rieser $7,100 in attorney's fees and costs to compensate him for all 28.4 hours expended on this matter.

## Conclusion

For the reasons described, I will deny Plaintiff's motion to stay the order of sanctions and attorney's fees and award Mr. Rieser $7,100 in attorney's fees and costs.

**BY THE COURT:**

*s/ Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**